ORIGINAL

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 07 2004

JAMES R. LARSEN, CLERK
DEPUTY
SPOKANE, WASHINGTON

John R. Nelson, WSBA # 16393
J. Michael Keyes, WSBA # 29215
PRESTON GATES & ELLIS LLP
601 West Riverside Avenue, #1400
Spokane, WA 99201-0636
Telephone: (509) 624-2100
Facsimile: (509) 456-0146

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| DANIEL T. REINER,<br><br>Plaintiff,<br><br>v.<br><br>KEN BAGDASARIAN and JANE DOE BAGDASARIAN and the marital community thereof; WHEEL FINISHING SYSTEMS, LLC, a California Limited Liability Company; and UNITED FINISHING SYSTEMS, INC., a California corporation,<br><br>Defendants. | No. CV-04-0153-LRS<br><br>NOTICE OF REMOVAL |

Defendants, KEN BAGDASARIAN, WHEEL FINISHING SYSTEMS, LLC and UNITED FINISHING SYSTEMS, INC., provide Notice of Removal to the United States District Court for the Eastern District of Washington at Spokane of the

PRESTON GATES & ELLIS LLP
601 WEST RIVERSIDE AVENUE
SUITE 1400
SPOKANE, WA 99201-0636
TELEPHONE: (509) 624-2100
FACSIMILE: (509) 456-0146

above-described state-court action, *Daniel T. Reiner v. Ken Bagdasarian and Jane Doe Bagdasarian and the marital community composed thereof; Wheel Finishing Systems, LLC, a California Limited Liability Company; and United Finishing Systems, Inc., a California Corporation*, Cause No. 04-2-00070-6, from the Superior Court of Washington, County of Pend Oreille, where the action was filed on March 11, 2004.

The action is a civil action. The Complaint alleges Breach of Contract, Conversion and Unjust Enrichment, and Violation of Washington Consumer Protection Act. Plaintiff, Daniel T. Reiner, seeks judgment for damages, plus attorneys' fees and costs.

Defendants were served with a summons and complaint in the action on or about April 14, 2004. True and correct copies of all the process and pleadings served on Defendants in this action are attached as Exhibit A to this Notice, and no further proceedings have occurred. This removal is timely under 28 U.S.C. § 1446(b).

At all relevant times, including on March 11, 2004, when the above-described state-court action was filed in the Superior Court of Washington, County of Pend Oreille, Defendant Ken Bagdasarian was, and now is, a citizen of the State of California having his principal place of residence in Whittier, California.

At all relevant times, including March 11, 2004, when the above-described state-court action was filed in the Superior Court of Washington, County of Pend Oreille, Defendant Wheel Finishing Systems LLC was, and now is, a limited liability company organized, formed under the laws of the State of California.

At all relevant times, including March 11, 2004, when the above-described state-court action was filed in the Superior Court of Washington, County of Pend

PRESTON GATES & ELLIS LLP
601 WEST RIVERSIDE AVENUE
SUITE 1400
SPOKANE, WA 99201-0636
TELEPHONE: (509) 624-2100
FACSIMILE: (509) 456-0146

Oreille, Defendant United Finishing Systems, Inc. was, and now is, a corporation organized, formed and incorporated in and under the laws of the State of California.

At all relevant times, including on March 11, 2004, when the above-described state-court action was filed in the Superior Court of Washington, County of Pend Oreille, Plaintiff Daniel T. Reiner was, and now is, a citizen of the State of Washington having his principal place of residence in Newport, Washington.

The matter in controversy exceeds, exclusive of costs and disbursements, the sum or value of $75,000.

Any civil action brought in state court, of which the district courts of the United States would have original jurisdiction, may be removed by a defendant to the federal district court for the district embracing the place where such action is pending. 28 U.S.C. §1441(a). The district courts of the United States have diversity jurisdiction of civil actions where the matter in controversy exceeds $75,000 *and* where the matter is between citizens of different states. 28 U.S.C.§ 1332(a)(1). For purposes of both diversity jurisdiction and removal, a corporation is deemed to be a citizen of any state in which it has been incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). An LLC is deemed to be a citizen of the state of citizenship of its constituent members. Here, both the corporation and the members of the LLC are not citizens in the State of Washington.

A defendant may remove any time within 30 days from receipt of a pleading, motion, order or other paper, that sets out facts sufficient to ascertain the existence of removal jurisdiction. 28 U.S.C. §1446(b).

Defendants will provide written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

PRESTON GATES & ELLIS LLP
601 WEST RIVERSIDE AVENUE
SUITE 1400
SPOKANE, WA 99201-0636
TELEPHONE: (509) 624-2100
FACSIMILE: (509) 456-0146

A copy of this Notice of Removal will be filed with the clerk of the Superior Court of Washington, County of Pend Oreille, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants request that this action proceed in this Court as an action properly removed to it.

DATED this 7th day of May, 2004.

PRESTON GATES & ELLIS LLP

By ______________________
John R. Nelson, WSBA # 16393
J. Michael Keyes, WSBA # 29215
Attorneys for Defendants

PRESTON GATES & ELLIS LLP
601 WEST RIVERSIDE AVENUE
SUITE 1400
SPOKANE, WA 99201-0636
TELEPHONE: (509) 624-2100
FACSIMILE: (509) 456-0146

## CERTIFICATE OF SERVICE

I hereby declare, under penalty of perjury under the laws of the State of Washington, that on this 7th day of May, 2004, I caused a true and correct copy of the foregoing NOTICE OF REMOVAL to be sent to the following counsel:

William Schroeder
Gregory S. Johnson
Paine Hamblen Coffin Brooke & Miller LLP
717 West Sprague Avenue, Suite 1200
Spokane, WA 99201

☐ via facsimile
☐ via overnight courier
☐ via first-class U.S. mail
☑ via hand delivery

Renee R. Stewart
Renee R. Stewart

PRESTON GATES & ELLIS LLP
601 WEST RIVERSIDE AVENUE
SUITE 1400
SPOKANE, WA 99201-0636
TELEPHONE: (509) 624-2100
FACSIMILE: (509) 456-0146

# EXHIBIT A

NOTICE OF REMOVAL - 6

K:\19406\00087\XRRS\XRRSP20MK

PRESTON GATES & ELLIS LLP
601 WEST RIVERSIDE AVENUE
SUITE 1400
SPOKANE, WA 99201-0636
TELEPHONE: (509) 624-2100
FACSIMILE: (509) 456-0146

Larry Served ... 6/26/...

COPY ORIGINAL FILED MAR 11 2004 SUPERIOR COURT PEND OREILLE COUNTY, WA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR PEND OREILLE COUNTY

| | |
|---|---|
| DANIEL T. REINER, Plaintiff, vs. KEN BAGDASARIAN and JANE DOE BAGDASARIAN and the marital community thereof; WHEEL FINISHING SYSTEMS, LLC, a California Limited Liability Company; and UNITED FINISHING SYSTEMS, INC., a California Corporation, Defendants. | No. 04-2-00070-6 SUMMONS |

TO: DEFENDANTS ABOVE NAMED:

A lawsuit has been started against you in the above-entitled Court by Daniel T. Reiner, Plaintiff. Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

PAGE 2/10 * RCVD AT 5/5/2004 12:29:27 PM [Pacific Daylight Time] * SVR:SPOFAX/1 * DNIS:106 * CSID: * DURATION (mm-ss):05-46

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff within 20 days after the service of this Summons in state, and 60 days after the service of this Summons out of state, each excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be made in writing and must be served upon the Plaintiff. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 10 day of March, 2004.

PAINE, HAMBLEN, COFFIN,
BROOKE & MILLER LLP

By: ______________________
WILLIAM J. SCHROEDER, WSBA 7942
GREGORY S. JOHNSON, WSBA 13782
Attorneys for Plaintiff

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

PAGE 3/10 * RCVD AT 5/5/2004 12:29:27 PM [Pacific Daylight Time] * SVR:SPOFAX01 * DNIS:106 * CSID: * DURATION (mm-ss):05-46

COPY
ORIGINAL FILED
MAR 1 1 2004
SUPERIOR COURT
PEND OREILLE COUNTY, WA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR PEND OREILLE COUNTY

| | |
|---|---|
| DANIEL T. REINER, Plaintiff, vs. KEN BAGDASARIAN and JANE DOE BAGDASARIAN and the marital community thereof; WHEEL FINISHING SYSTEMS, LLC, a California Limited Liability Company; and UNITED FINISHING SYSTEMS, INC., a California Corporation. Defendants. | No. 04-2-00070-6<br><br>**COMPLAINT FOR BREACH OF CONTRACT, CONVERSION AND UNJUST ENRICHMENT AND VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT** |

## I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Daniel T. Reiner is a resident of Newport, Pend Oreille County, Washington.

2. Defendants Ken and Jane Doe Bagdasarian are residents of California. Defendants Bagdasarian are believed to be founders and officers of Defendants Wheel Finishing

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

Systems, LLC and/or United Finishing Systems, Inc. (hereafter collectively referred to as "Finishing Systems"). Defendants Finishing Systems are believed to be California corporations or limited liability companies. At all times material hereto, Defendants Bagdasarian were doing business as Finishing Systems and/or acting on their behalf.

3. Pursuant to RCW 4.28.185, this Court has personal and subject matter jurisdiction over the parties and venue is proper in Pend Oreille County, Washington, because Defendant Ken Bagdasarian, individually and on behalf of his martial community and Defendants Finishing Systems, physically transacted business and committed tortious acts in Newport, Pend Oreille County, Washington, and because the cause of actions set forth herein arise from the material transactions and acts that occurred in Newport, Pend Oreille County, Washington.

## II. OPERATIVE FACTS

4. Defendant Ken Bagdasarian ("Bagdasarian") claimed to have created a machine which eliminates the human labor that is necessary to polish aluminum automobile wheels. At all times material hereto, Defendants sought investors who could help them bring the wheel polishing product to market.

5. Defendant Bagdasarian, individually and on behalf of his martial community and Defendants Finishing Systems, via telephone, facsimile, mail and e-mail, solicited Plaintiff Daniel Reiner ("Reiner") to invest in Defendants' idea. During the course of discussions, it was agreed that if a business deal was completed, the new business would be owned and operated by a new Washington limited liability company, Media Finishing Systems, LLC, which was formed on September 15, 2003. Plaintiff Reiner's interest level eventually reached the point where he was

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

willing to outline a potential deal in a Memorandum of Understanding. At that juncture, Defendant Bagdasarian, individually and on behalf of his martial community and Defendants Finishing Systems, traveled to Plaintiff's residence in Newport, Washington, so they could discuss and negotiate their potential business deal. During a meeting in Newport, Washington, on or about August 5, 2003, Plaintiff Reiner provided a check in the amount of $150,000 to Bagdasarian in the name of Wheel Finishing Systems. This $150,000 check was a good faith equity deposit and the parties agreed the check was not to be negotiated until the closing of the transaction. It was the agreement of the parties that if the transaction was not closed, the check would be returned or destroyed. A redacted copy of the check is attached hereto as "Exhibit A."

6. The potential deal between Plaintiff Reiner and Defendants did not work out, closing never took place, and in September or October 2003, Messrs Reiner and Bagdasarian agreed that the deal would not be completed. Consequently, pursuant to the agreement of the parties, the check that Bagdasarian had been holding in trust was to be destroyed or returned.

7. On February 11, 2004, Plaintiff Reiner was reviewing various financial documents in preparation for "tax season." During this process, he discovered that Defendant Bagdasarian, in breach of their agreement, had negotiated the check on or about August 20, 2003. Plaintiff Reiner called Defendant Bagdasarian and left a voice mail message which informed Defendant Bagdasarian that the $150,000 must be returned to Plaintiff Reiner immediately. Defendant Bagdasarian's response was an e-mail in which he explained that he was caught off guard, did not have a plan, and that he would call back in a few days with an answer. Plaintiff Reiner replied via e-mail and indicated that if he did not hear from Defendant Bagdasarian by 9 a.m. on

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

February 12, 2004, that he would commence legal action. Defendants have not returned Plaintiff Reiner's $150,000, nor have they provided any indication of how and when Plaintiff's $150,000 will be returned.

8. At all times material hereto, all of Defendant Bagdasarian's actions were done individually and on behalf of his martial community and/or Defendants Finishing Systems.

**III. COUNT ONE**

**BREACH OF CONTRACT**

9. Plaintiff hereby incorporates by reference the allegations set forth in Sections I and II above and further alleges that Defendant Bagdasarian was provided the $150,000 check based upon an agreement that the check would be held in trust until the transaction between Plaintiff and Defendants closed. Further, that if the transaction did not close, the check was to be returned or destroyed. In fact, Defendant Bagdasarian, in breach of the agreement, deposited the check within a few weeks of receiving it. By depositing the check he was supposed to hold in trust before the condition precedent of closing, Defendant Bagdasarian, individually and on behalf of his martial community and Defendants Finishing Systems, breached the agreement with Plaintiff.

10. Defendants further breached the agreement by failing to return or destroy the check after the proposed transaction did not close.

11. Defendants' breach of agreement has caused Plaintiff to incur damages in the amount of $150,000.

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

## IV. COUNT TWO

## CONVERSION AND UNJUST ENRICHMENT

12. Plaintiff hereby incorporates by reference the allegations set forth in Sections I through III above and further alleges that Defendants have converted Plaintiff's $150,000 for their common use and Defendants have been unjustly enriched in that amount. Defendants' wrongful actions have caused Plaintiff to be damaged in the amount of $150,000.

## V. COUNT THREE

## VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

13. Plaintiff hereby incorporates by reference the allegations set forth in Sections I through IV above, and further allege that Defendants' unfair and deceptive acts regarding the $150,000 check occurred in trade or commerce; impacted a public interest; and proximately caused injury to Plaintiff's business and/or property. Thus, Defendants are in violation of Washington's Consumer Protection Act.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

14. For judgment against each of the Defendants, jointly and severally, in the amount of $150,000;

15. That Plaintiff be awarded prejudgment and post-judgment interest;

16. That Plaintiff be awarded damages of $10,000 for Defendants' violation of the Consumer Protection Act, plus attorney fees and costs in accordance with RCW §19.86.090;

17. For costs and disbursements incurred herein; and

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

18. For such other monetary and equitable relief as the Court deems just, appropriate and reasonable.

DATED this 10 day of March, 2004.

PAINE, HAMBLEN, COFFIN,
BROOKE & MILLER LLP

By: ______________________
WILLIAM J. SCHROEDER, WSBA 7942
GREGORY S. JOHNSON, WSBA 13782
Attorneys for Plaintiff

I:\Spodocs\31917\00001\plead\00165192.WPD:gsj/marjah

COMPLAINT FOR BREACH OF CONTRACT, CONVERSION AND UNJUST ENRICHMENT AND VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT - 6

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

200754182

DANIEL HEINER
[illegible] VALLEY RD
NEWPORT, WA 99156

307

CMA Cash Management Account

DATE [illegible]

PAY TO THE ORDER OF [illegible]

Merrill Lynch

[illegible] 14:46
[illegible] 661 [illegible]
[illegible] 6454574500 06192003
[illegible] CT= DL=
[illegible] 002
06202003
ENT=4441 TRC=4450 PK=04

200754182 $150,000.00 ONL
08/19/03 11:20:26 F0F736FA# 008

SKB: DEPOSIT
[illegible] ACCT#

For Deposit Only

EXHIBIT A